# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

```
ROGER STANLEY,              *
                            *
     Plaintiff,             *
                            *
vs.                         *       CV 508-055
                            *
KROGER FOOD STORES, INC.,   *
                            *
     Defendant.             *
```

### ORDER

In July of 2008, Plaintiff Roger Stanley attempted to sue Defendant Kroger Food Stores, his former employer, for racial discrimination in violation of Title VII. Plaintiff timely notified the Equal Employment Opportunity Commission ("EEOC") of his claim, and he received a right-to-sue letter. See Initial Filing (Dkt. No. 1). However, despite clear instructions to do so, Plaintiff has yet to file a proper complaint with the Court. See 1/22/09 Order (Dkt. No. 16). Defendants have moved to dismiss with prejudice. (Dkt. No. 18). Because Plaintiff has failed to file a timely complaint and has failed to prosecute his case, the Court **GRANTS** Defendant's motion. See (Dkt. No. 18).

**BACKGROUND**

Plaintiff received a right-to-sue letter from the EEOC in April 2008. See Initial Filing (Dkt. No. 1). Within 90 days of receiving that letter, Plaintiff filed the letter with the Court along with a completed *in forma pauperis* application. See id. Plaintiff made this filing on July 8, 2008. Id. The Clerk's Office labeled the collected papers a "complaint." See id.

The Magistrate Judge denied Stanley's application to proceed *in forma pauperis* on July 10, and on July 28, Stanley paid the $350 filing fee. (Dkt. No. 4). Plaintiff was then, and is now, proceeding *pro se*.

On September 30, 2008, Kroger moved to dismiss Stanley's case, arguing that because Stanley had not filed a "complaint" and because 90 days had passed since Stanley received the EEOC letter, Stanley's claim was time-barred. (Dkt. No. 6). Initially, Stanley made no response. On October 30, the Magistrate Judge issued an order giving Plaintiff twenty extra days to "file any objections to the Defendant's motion for a dismissal, or to otherwise inform the court of his decision not to object to Defendant's motion." (Dkt. No. 10). On November 18, Stanley responded in a motion that read, in its entirety,

"I, Roger Stanley, seek to proceed in forma pauperis discrimination action brought pursuant to 42 U.S.C. § 2000e alleging discrimination. And I do not wish for this claim to be dismissed." (Dkt. No. 11).

In December of 2008, Plaintiff failed to respond to Defendant's requests for assistance in filing a joint Rule 26(f) report. See Def.'s Letters to Pl. (Dkt. No. 12 Exh. 1, 2). As a result, the Magistrate Judge permitted Defendant to file the Rule 26(f) report unilaterally. See 12/11/08 Order (Dkt. No. 13).

On January 22, 2009, the undersigned denied Defendant's initial motion to dismiss. 1/22/09 Order (Dkt. No. 16); see Def.'s Initial Mot. to Dismiss (Dkt. No. 6). The Court noted that a proper complaint had not been filed despite the passage of 90 days since Plaintiff's receipt of the EEOC letter but held that, because the Clerk's Office had denominated Plaintiff's initial filing a "complaint," Plaintiff could reasonably have believed that he had complied with the requirement that a complaint be filed within 90 days of receiving an EEOC right-to-sue letter. 1/22/09 Order. The Court therefore held that the statutory 90-day period was "equitably tolled." Id.

However, the Court instructed Plaintiff to file a proper complaint within 30 days. Id. The Court gave Plaintiff instructions on how to draft a complaint that would comply with Rules 8 and 10. Id. The Court also attached a form "Title VII Complaint" and advised Plaintiff to use it. Id.

Plaintiff has made no response to date. Defendant has moved to dismiss with prejudice for failure to timely file a Title VII complaint and failure to prosecute the action. (Dkt. No. 18).

**DISCUSSION**

The Court dismisses this case with prejudice for two reasons: first, because more than 90 days have elapsed since Plaintiff received his right-to-sue letter, and second, because Plaintiff has failed to prosecute his case. The Court acknowledges that Plaintiff is a *pro se* litigant and is therefore entitled to leniency in the application of procedural rules. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). However, Plaintiff's repeated failure to follow the Court's rules and orders makes dismissal appropriate.

It is well-settled that a plaintiff must commence a Title VII action against a former employer within 90 days of receiving the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000); Williams v. Ga. Dep't of Defense, 147 Fed. Appx. 134, 135 (11th Cir. 2005).

In this case, Plaintiff received his right-to-sue letter over a year ago. See EEOC Letter (Dkt. No. 1). Plaintiff has yet to file a proper complaint. See 1/22/09 Order (Dkt. No. 16). "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. Proc. 3. Therefore, although over a year has passed since Plaintiff received his right-to-sue letter, Plaintiff has not commenced an action. The failure to commence a Title VII action within the statutorily prescribed time period is fatal to a claim. Santini, 232 F.3d at 825; see § 2000e-5(f)(1).

As the Court held in its January 2009 Order, some of Plaintiff's delay is excusable because Plaintiff could reasonably believed that the documents he initially filed constituted a "complaint." See 1/22/09 Order. Since then, however, the Court has explained that Plaintiff's initial filings were insufficient, has directed Plaintiff to file a

proper complaint, and has provided instructions on how to comply with Rules 8 and 10. <u>Id.</u> Six months have passed since the Court provided those instructions, and Plaintiff has taken no action.

To date, a civil action has not been properly commenced. <u>See</u> Rule 3. Therefore, Plaintiff's claim is time-barred. <u>Santini</u>, 232 F.3d at 825.

Dismissal is also proper because Plaintiff has failed to prosecute his claim. Upon a defendant's motion, a district court may dismiss an action for failure to prosecute the claim. Fed. R. Civ. Proc. 41(b); <u>Goforth v. Owens</u>, 766 F.3d 1533, 1535 (11th Cir. 1985); <u>Calloway v. Perdue Farms, Inc.</u>, 313 Fed. Appx. 246, 249 (11th Cir. 2009). Dismissal is an extreme sanction and is only appropriate when a party contumaciously delays proceedings or defies a court's instructions, and when the district court specifically finds that lesser sanctions would not suffice. <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337-38 (11th Cir. 2005). However, "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." <u>Moon v. Newsome</u>,

863 F.2d 835, 837 (11th Cir. 1989) (*pro se* litigant); Lanier v. Smith, 291 Fed. Appx. 299, 300 (11th Cir. 2008) (same).

Here, the record shows contumacious delay or disregard of court orders on four occasions. First, Plaintiff failed to respond to Defendant's initial motion to dismiss within the period required by Local Rule 7.5. 10/30/08 Order (Dkt. No. 10); see Def.'s Initial Mot. to Dismiss (Dkt. No. 6). Second, after the Magistrate Judge ordered Plaintiff to "file any objections to the Defendant's motion for a dismissal," Plaintiff responded only that "I do not wish for this claim to be dismissed." 10/30/08 Order; Pl.'s Resp. to Def.'s Initial Mot. to Dismiss (Dkt. No. 11). This response was clearly inadequate. Third, Plaintiff failed to respond to Defendant's requests for assistance in preparing a Rule 26(f) report. 12/11/08 Order (Dkt. No. 13). Fourth, Plaintiff has failed -- for a period of six months -- to respond to the undersigned's order to file a proper complaint. See 1/22/09 Order (Dkt. No. 16).

Plaintiff has not responded to anything since he filed his inadequate response to Defendant's initial motion to dismiss on December 11, 2008. See Pl.'s Resp. to Def.'s Initial Mot. to Dismiss (Dkt. No. 11). Because Plaintiff has repeatedly failed to prosecute this action, and because

Plaintiff's attention has apparently waned as the case proceeded, the Court concludes that Plaintiff would not respond to any sanction short of dismissal. The Court would consider dismissing the case without prejudice, but because (as the Court has already held) Plaintiff has failed to file his Title VII suit within the statutorily prescribed period, refiling this suit would be futile. Therefore, dismissal with prejudice is appropriate.

**CONCLUSION**

Because Plaintiff's suit is time-barred and because Plaintiff has failed to prosecute his claim, the Court **GRANTS** Defendant's motion to dismiss with prejudice. (Dkt. No. 18).

**SO ORDERED** this __4th__ day of August, 2009.

_____
Judge, United States District Court
Southern District of Georgia